M.K. HAGEMANN, P.C.
Michael K. Hagemann (State Bar No. 264570)
mhagemann@mkhlaw.com
1801 Century Park East, Suite 2400
Century City, CA 90067
Tel: (310) 773-4900
Fax: (310) 773-4901

Attorneys for Plaintiff 431 S ALMONT LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| 431 S ALMONT LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BEVERLY BILLS, a California Municipal Corporation<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>(1) **DECLARATORY RELIEF (28 U.S.C. § 2201)**<br>(2) **LOCAL AGENCY *DE NOVO* APPEAL (CAL. GOV'T CODE § 53069.4(B)(1) / BHMC § 1-3-324)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff 431 S ALMONT LLC (hereinafter "Plaintiff"), hereby files its Complaint against Defendant CITY OF BEVERLY BILLS, a California Municipal Corporation, as follows:

**JURISDICTION AND VENUE**

1.   This Court has subject-matter jurisdiction over the first claim

-1-
COMPLAINT

pursuant to 28 U.S.C. § 1331 as it, "aris[es] under the Constitution, laws, or treaties of the United States."

2. This Court has supplemental subject-matter jurisdiction over the second claim pursuant to 28 U.S.C. § 1367 as it is, "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  In addition, the second claim is "so related to claims in the [related] action [, Case No. 8:24-cv-02031-JVS-ADS] within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." and both claims in this action would have been filed as part of an amended complaint in Case No. 8:24-cv-02031-JVS-ADS, and not as a separate complaint, but for the twenty-day limitation in Cal. Gov't Code § 53069.4(b)(1) (and Beverly Hills Municipal Code § 1-3-324).

3. This Court has general personal jurisdiction over Defendant, as Defendant resides in this judicial district and do business in this judicial district, and this Court has long arm jurisdiction over Defendants pursuant to F.R.C.P. 4(k)(1)(A) and California Civil Procedure § 410.10 et seq.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that the subject property is located in the Central District of California.

5. The Southern Division is proper pursuant to General Order No. 24-04 I.B.1.a.(1)(c) because Plaintiff's sole member (i.e. the trustee of the trust) resides in the County of Orange and this case does not involve the United States.

## THE PARTIES

6. Plaintiff is, and at all times pertinent to this Complaint was, a limited liability company, formed under the laws of the State of California, with its principal place of business located in the State of California.  Plaintiff's sole member is a trust, and the trustee and present beneficiary of said trust are both

citizens of the State of California.

7. Plaintiff is informed and believes, and on that basis alleges, that Defendant City of Beverly Hills is a municipal corporation formed under the laws of the State of California, with its municipal boundaries located entirely within the County of Los Angeles, in the State of California, and is thus a citizen of the State of California.

## GENERAL ALLEGATIONS

8. Plaintiff is the owner of a single-family detached residence located in the City of Beverly Hills.

**A.     The Original Case (Case No. 8:24-cv-02031-JVS-ADS) – Pending**

9. Plaintiff filed *431 S. Almont LLC v. City of Beverly Hills*, Case No. 8:24-cv-02031-JVS-ADS (the "Original Case") out of desperation and frustration. Defendants in the Original Case contend that Plaintiff is criminally breaking the law by failing to properly maintain the landscaping of the subject home, but won't explain how, precisely.

10. As alleged in the Original Case, Defendants in the Original Case issued a citation against Plaintiff on September 18, 2024.  Exhibit 1 is a true and correct copy of the (disputed) citation issued by Defendants in the Original Case.

11. As alleged in the Original Case, put simply, Plaintiff has every intention of complying with all **lawful** requirements imposed by law, but has reached an impasse in its discussions with Defendants in the Original Case as to what they even want, let alone the lawfulness of the municipal codes cited by Defendants.

12. In the Original Case, Plaintiff is requesting that this Court clarify Plaintiff's legal obligations, including invaliding Unconstitutional municipal codes

-3-
COMPLAINT

and the criminal sanctions therein.

B. **The Claims In This Action - The Constitutionally-Defective Local Agency Administrative Hearing**

13. On September 19, 2024, Plaintiff mailed and emailed a request for a hearing (Beverly Hills Mun. Code § 1-3-313) along with check for $100.00 (Memo included: "Paid under protest") and a copy of the Complaint in the Original Case. The mailed copy was received by Defendant on September 20, 2024.

14. In violation of Beverly Hills Mun. Code § 1-3-313(C), Mark Nason on behalf of Defendant provided notice of the October 17th, 2024 at 4:00 pm hearing on October 15, 2024.

15. In violation of Beverly Hills Mun. Code § 1-3-313(C), Mark Nason on behalf of Defendant provided the Case Report to be used at the hearing on October 15, 2024. The Case Report included, on PDF pages 6 to 23, the Complaint filed in the Original Case.

16. On October 15, 2024, Plaintiff objected to the insufficient notice via email to Mr. Nason and requested a continuance. The request was granted on October 17, 2024 at 10:07 am. In granting the request, the body of the email sent to Plaintiff said only that the **date** had been changed:

> Your request to reschedule your administrative hearing has been accepted by management. Your new hearing date is now Friday, November 1, 2024 via Zoom:
>
> [Zoom Link]
>
> …

The subject line of the email from Mr. Nason granting the continuance indicated the time of 4:00 pm:

-4-
COMPLAINT

"RE: CP2400525 Administrative Hearing - October 17th, 2024 at 4:00pm"

17. Buried in the attachment to the email, and unnoticed by Plaintiff at the time due to the apparent redundancy of the body of the email and the attachment, was also a time change to 10:00 am. Accordingly, on October 17, 2024, Plaintiff calendared the hearing for November 1, 2024 at 4:00 pm.

18. Despite having actual knowledge of Plaintiff counsel's telephone number and email address, his stated intent to appear, and the hearing being conducted on Zoom, nobody from Defendant reached out to Plaintiff counsel's at or around 10:00 am when he did not appear and upon information and belief Defendant proceeded without Plaintiff's counsel. Had Defendant done so, Plaintiff could have joined the Zoom conference within seconds.

19. At about 3:55 pm on November 1, 2024, Plaintiff clicked on the Zoom link, and Zoom indicated the Zoom meeting was set for 10:00 am.

20. On November 1, 2024 at 4:00 pm, minutes after discovering the time the hearing was actually held (when Plaintiff logged in, the Zoom screen displayed the time), and six hours after it was actually held, and seven days before a decision was served (see below), Plaintiff reached out to Defendant explaining the reason Plaintiff did not appear, and attempted to reschedule the hearing to no avail. Exhibit 2 is a true and correct copy of that correspondence.

21. On November 8, 2024, Defendant mailed a notice indicating that its hearing officer, Elio Palacios, Jr., upheld the citation. Mr. Palacios found that by failing to appear, Plaintiff had waived its right to an administrative hearing pursuant to Beverly Hills Municipal Code § 1-3-319. Even though the Complaint in the Original Case was in the Case Report, Mr. Palacios did not analyze the legal claims therein. Exhibit 3 is a true and correct copy of the November 8, 2024 decision.

22. Defendant publishes their Municipal Code here: https://codelibrary.amlegal.com/codes/beverlyhillsca/latest/beverlyhills_ca/

-5-
COMPLAINT

# FIRST CLAIM

## (DECLARATORY RELIEF: STRICT WAIVER OF HEARING RIGHTS VIOLATES CONSTITUTION FACIALLY AND AS APPLIED HERE)

23. The allegations contained in paragraphs 1 through 22 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

24. Beverly Hills Municipal Code Section 1-3-319 states:

**FAILURE TO ATTEND ADMINISTRATIVE HEARING:**

If the responsible person fails to attend the scheduled hearing, the hearing will proceed without the responsible person, and the responsible person will be deemed to have waived the right to an administrative hearing and any further appeals as set forth in this article.

25. On its face, this section (in its entirety) violates the Constitution on two independent grounds:

  (a) Substantive and Procedural Due Process rights, Cruel and Unusual Punishment, and the Takings Clause of the Constitution require a "good cause" exception. Further, definitionally, "waiver" is defined Constitutionally as a, "voluntary, intentional relinquishment of a known right," thus a waiver cannot be found when "good cause" is present.

  (b) Waiver of legal arguments is too broad and violates Substantive and Procedural Due Process rights, is a Cruel and Unusual Punishment, and a Taking. The hearing officer cannot ignore legal arguments submitted in writing to the Defendant even in the absence of good cause for failing to appear. (I.e. the Complaint in the Original Case in the Case Report.) Therefore, any waiver in the absence of good cause should be limited to

presenting evidence only.

26. Plaintiff asks the Court to declare that section 1-3-319 of the Beverly Hills Municipal Code is void on its face in its entirety for the two independent grounds, above, and any resulting administrative decisions in which a party failed to appear are void *ab initio*, and Defendant must reschedule the hearing with proper notice (Beverly Hills Mun. Code § 1-3-313(C)).

27. Alternatively, Plaintiff asks the Court to declare that section 1-3-319 of the Beverly Hills Municipal Code is inapplicable here as to Plaintiff because Plaintiff had good cause for failing to appear at 10:00 am on November 1, 2024, and declare that when good cause is present, any resulting decisions are vacated, and Defendant must reschedule the hearing with proper notice (Beverly Hills Mun. Code § 1-3-313(C)).

28. Alternatively, Plaintiff asks the Court to declare the purported waiver of appeal rights to the Court contained in section 1-3-319 of the Beverly Hills Municipal Code is Constitutionally invalid on grounds (a) and (b), above, and especially so in light of the *de novo* right in Cal. Gov't Code § 53069.4(b)(1) (and Beverly Hills Municipal Code § 1-3-324). In the future alternative, Plaintiff asks the Court to declare the purported waiver of appeal rights is preempted by Cal. Gov't Code § 53069.4(b)(1).

29. Based on the repeated letters by Defendants in the Original Case to Plaintiff, including continuing to move the goal posts and the financial incentive to force Plaintiff and those similarly situated to sell, Plaintiff believes Defendants in the Original Case will continue to attempt to enforce these unconstitutional municipal codes in the future as to Plaintiff and others and Defendant City of Beverly Hills will rely heavily on section 1-3-319 to cause unlawful forfeitures of rights of Plaintiff and others.

///

# SECOND CLAIM

## (LOCAL AGENCY *DE NOVO* APPEAL (CAL. GOV'T CODE § 53069.4(B)(1) / BHMC § 1-3-324))

30. The allegations contained in paragraphs 1 through 29 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

31. Plaintiff "appeals" *de novo* the September 18, 2024 citation (Exhibit 1) to this Court, which this Court has supplemental jurisdiction over. Cal. Gov't Code § 53069.4(b)(1); Bev. Hills Mun. Code § 1-3-324. The decision being appealed is attached hereto as Exhibit 3.

32. Because review is *de novo*, the hearing officer's findings are entitled to no deference, and the reason the citation should be set aside is set forth in the Complaint of the Original Case.

33. This Court can and must exercise supplemental jurisdiction over this claim due to the "first-to-file" doctrine, also known as the "exclusive concurrent jurisdiction" doctrine on account of the Original Case as well as the first claim, above, because they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

34. By requiring this *de novo* appeal to proceed in state court, there is a risk of inconsistent rulings with this Court, and it appears that the state court who would hear the matter – a court of limited jurisdiction (Cal. Gov't Code § 53069.4(b)(1)) - would not have jurisdiction to issue declaratory relief, *inter alia*. Cal. Code Civ. Proc. §§ 85 et seq. Therefore, it would be a waste of judicial resources to proceed in state court.

35. Review is *de novo*. Section 1-3-319 of the Beverly Hills Municipal Code is clearly preempted by Cal. Gov't Code § 53069.4(b)(1) to the extent it purports to waive appeal rights, especially in light of de novo review.

36. Plaintiff requests the return of the $100.00 it deposited with Defendant. (The Original Case also has a 42 U.S.C. § 1983 claim relating to this same $100.00. Plaintiff is not seeking a double-recovery.)

37. This Complaint is intended to serve as a "Notice of Appeal" as used in section 53069.4(b)(1) of the California Government Code and section 1-3-324 of the Beverly Hills Municipal Code. Given that review is entirely *de novo*, "appeal" is a bit of a misnomer and thus most appropriate for a trial court.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For the declaratory relief (28 U.S.C. § 2201) requested in the first claim, and;

2. For a determination (Cal. Gov't Code § 53069.4(b)(1) / Bev. Hills Mun. Code § 1-3-324) that the citation was improperly issued on the second claim and the return of the $100.00, and;

3. For an award of costs of suit, and;

4. For an award of attorneys' fees pursuant to 28 U.S.C. § 2022 and as required by equity and the U.S. Constitution;

5. For such other and further relief as the Court may deem just and proper.

DATED: November 27, 2024        M.K. HAGEMANN, P.C.

By: _____
Michael K. Hagemann
Attorneys for Plaintiff 431 S ALMONT LLC

## REQUEST FOR JURY TRIAL

Plaintiff 431 S ALMONT LLC hereby requests a jury trial on all the issues so triable.

DATED: November 27, 2024      M.K. HAGEMANN, P.C.

By: _____
Michael K. Hagemann
Attorneys for Plaintiff 431 S ALMONT LLC